IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| IN RE: RACHEL CHERWITZ AND NICOLE DAEDONE,<br><br>*Petitioners*. | Docket No. 25-553 |

**REPLY TO GOVERNMENT'S OPPOSITION TO ONETASTE MOTION FOR LEAVE TO INTERVENE OR, ALTERNATIVELY, FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF**

OneTaste, Inc. ("OneTaste"), through undersigned counsel, hereby replies to the government's opposition to OneTaste's Motion for Leave to Intervene in this mandamus action.

**I.**

**The Government Has Failed to Present Any Competent Evidence to Contest OneTaste's Proof of the Privileged Nature of the Stolen Materials**

As set forth in OneTaste's Motion to Intervene, OneTaste has established through sworn affidavits that the seized privileged materials—all conspicuously marked "Attorney Client Privileged"—were prepared at the direction of its retained attorney (the final draft of which was actually presented to the attorney) for the

1

purpose of seeking legal advice. In an unsworn recitation of "Relevant Procedural History," the government's opposition does not credibly challenge the sworn declarations of OneTaste's executives and attorney[1] as to the privileged nature of the seized materials. In addition, the government has not disclaimed an intent to use the stolen privileged materials at the criminal trial. Its opposition merely states that it will not use the stolen privileged materials "in its case-in-chief at trial." Government's Opposition, at 21. It thus has not disclaimed its intent to use the stolen materials in cross-examination of defense witnesses or in its rebuttal case.

The government's "factual" narrative in its brief has apparently been culled from the prosecutors' conversations with *unidentified* agents and/or prosecution team staff at the United States Attorney's office. None of the narrative is supported by any *sworn* statements, and it is directly contradicted in several material respects by the sworn statements of several persons presented by OneTaste.

Even considering its unsworn recitations as true, the government's opposition clearly lacks credibility on its face. In one stark example, it seeks to portray the case agent's acquisition of the privileged material from Aidelbaum ("Individual-1" in the government's opposition) as a routine collection of evidence rather than, as

---

[1] See *In re Petition of OneTaste, Inc.*, No. 1:24-MC-2518 (DG) (E.D.N.Y.), ECF No. 20 at Exs. E, F, G; *United States v. Nicole Daedone and Rachel Cherwitz*, No. 23-cr-146 (DG) (E.D.N.Y.), ECF No. 287 at Exs. A, B, D; A:43, 61 and 70.

demonstrated by sworn affidavits, a purposeful and surreptitious acquisition of privileged material that the case agent knew to be stolen from OneTaste. *See* Government's Opposition, at 6. As OneTaste's sworn statements prove, case agent McGinnis *knew* when he took position of the privilege materials that they were *stolen* by Aidelbaum from OneTaste in an unauthorized manner. ECF No. 8 at 2; A:74 ¶5.

Significantly, the government's opposition simply opts not to acknowledge the serious misconduct of the case agent in secretly maintaining possession, for investigative use, the stolen Aidelbaum materials (conspicuously marked "Attorney Client Privileged") in an undefined FBI "workspace" for nearly four years, without sequestering the material with a privilege review team as required by DOJ policy. The opposition also offers no explanation about why, after the case agent obtained the documents from Cooper ("Individual-13" in the government's opposition) in November 2021, also conspicuously marked as "Attorney Client Privileged," and shared them with the Prosecutors, the government failed promptly to notify OneTaste and also failed to sequester the documents with a privilege review team until May 2024, when OneTaste had demanded their return.

## II.

### OneTaste Cannot Protect Its Privacy Interests in the Privileged Documents Without Intervention in the Mandamus Action

In its brief legal argument, the government's opposition asserts that this Court should refuse to permit OneTaste to intervene in the mandamus action because OneTaste supposedly has the ability to "protect its interests without intervention":

> OneTaste has shown that it has the ability to seek to protect its interests without intervention in this case; indeed, OneTaste is currently doing so in active district court litigation [in the Rule 41(g) proceeding]. Intervening in the mandamus action is therefore unnecessary.

Government's Opposition, at 21.

Yet the government at the same time appears to acknowledge that the Rule 41(g) proceeding will not be concluded prior to the commencement of the criminal trial in May. *See* Government's Opposition, at 21 ("OneTaste may obtain any further recourse through the Rule 41(g) process *after* final judgment in the criminal matter.") (emphasis added).

For the reasons stated in the Motion to Intervene, OneTaste will be harmed if the prosecution uses the stolen privileged material during the criminal trial: "'the cat [will be] out of the bag,'" which will undermine any meaningful remedy under Rule 41(g). *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) (Kavanaugh, J.); *cf. United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 238 (2d Cir. 2016) ("[A] remedy after final judgment cannot unsay the confidential

4

information that has been revealed."). Therefore, the pending Rule 41(g) proceeding does not provide a basis to protect OneTaste's interests.

In addition, with respect to the government's argument that the Rule 41(g) proceeding provides OneTaste an opportunity to vindicate its attorney-client privilege in the stolen materials, this Court should be aware of the argument made today (March 26, 2025) in the government's filing in the Rule 41(g) proceeding (ECF No. 29), which is attached as an appendix hereto. In that filing, the government has moved to dismiss OneTaste's Rule 41(g) petition on the ground that the district court lacks "subject matter jurisdiction" under Rule 41(g) because, according to the government, OneTaste is merely claiming a "property interest" solely in the attorney-client privilege itself (as opposed to any tangible or intangible property). OneTaste disputes that claim, and it will file an appropriate response in the district court. But it is disingenuous for the government to claim to this Court that the Rule 41(g) proceeding is sufficient for OneTaste to protect its interests, while simultaneously arguing to the district court that OneTaste should not be able to protect its interests in the Rule 41(g) proceeding. Notably, the government did not tell this Court that it intended to make such a jurisdictional challenge to the district court's authority to decide the Rule 41(g) motion, which, of course, is material to this Court's assessment of whether that proceeding is sufficient to protect OneTaste's interests. Thus, the government's latest (and long-belated) filing, further

5

demonstrates this Court should permit OneTaste to intervene in the criminal case to request a protective order preventing the government from using the stolen materials – as use of such materials in the criminal trial would violate OneTaste's attorney-client privilege.

In its opposition, the government alternatively argues that:

> OneTaste's interests are adequately represented by the petitioners, who have argued that they have standing to assert privilege as to the Purportedly Privileged Screenshots and Documents and that they share a common-interest privilege with OneTaste. (Dkt. 4 at 5). Like OneTaste, the petitioners have argued that the Purportedly Privileged Screenshots and Documents are privileged, and that any privilege has not been waived. Thus, the arguments set forth by OneTaste have already been argued by the petitioners. Accordingly, the petitioners adequately represent OneTaste's interests and intervention is unnecessary. *See, e.g.*, *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (noting that there is a "presumption of adequate representation" when an applicant for intervention has "the same ultimate objective as a party to the existing suit").

Government's Opposition, at 22.

That argument is disingenuous. The government contends in its response to petitioners' motion to stay the district court proceedings that the petitioners lack "standing" to invoke the attorney-client privilege concerning OneTaste's documents – the position taken by the district court. Therefore, although OneTaste agrees petitioners have standing to assert the privilege, OneTaste's interests are not "adequately represented" by the petitioners. The government does not dispute OneTaste has standing to assert privilege here, so this Court should permit it to

6

intervene to prevent disclosure of its stolen privileged materials in the criminal case, without regard to any standing issue.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in OneTaste's Motion to Intervene, this Court should grant OneTaste leave to intervene and file a brief supporting its position that it is entitled to a protective order requiring the prosecution to return the original copies of the stolen privileged materials and to destroy all copies before the criminal trial begins. At the very least, this Court should grant OneTaste leave to file an *amicus curiae* brief.

Dated: March 26, 2025

Respectfully submitted,

*/s/ Paul E. Pelletier*
Paul E. Pelletier
THE LAW OFFICES OF
PAUL E. PELLETIER
3739 Pickett Road, Suite C
Fairfax, VA 22031
Tel: (202) 617-9151
pepelletier3@gmail.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because the motion contains 1,381 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(d)(2). I further certify that this motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedures 32(a)(5) and 32(a)(6) because it has been prepared using Microsoft Word in a proportionally spaced typeface, 14-point Times New Roman font.

DATED: March 26, 2025

By: _/s/ Paul E. Pelletier_
Paul E. Pelletier

# APPENDIX



U.S. Department of Justice

United States Attorney
Eastern District of New York

EMR:KCB/GK/NCG/SMF　　　　　　　　　271 Cadman Plaza East
F. #2018R01401　　　　　　　　　　　　　Brooklyn, New York 11201

March 26, 2025

By ECF

The Honorable Robert E. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    In re Petition of OneTaste, Inc.
               Miscellaneous Docket No. 24-2518 (DG) (REL)

Dear Judge Levy:

      The government writes in advance of the forthcoming hearing in the above-captioned matter currently scheduled for March 31, 2025. In addition to the reasons cited in the government's prior motions, see ECF Nos. 4, 17, 25, the Court should dismiss OneTaste, Inc.'s ("OneTaste") Petition for Return of Property (the "Petition") pursuant to Federal Rule of Criminal Procedure 41(g) because the Court lacks jurisdiction over the Petition. Specifically, because the only "deprivation" alleged in the Petition is of the attorney-client privilege itself, which is not "property" within the meaning of Rule 41(g), OneTaste's Petition fails as a matter of law.

I.     Background

      On or about November 12, 2024, OneTaste filed a motion pursuant to Federal Rule of Criminal Procedure 41(g) seeking the return of (1) two Word documents provided by Individual-1 (the "Individual-1 Materials"), attached to the OneTaste Petition as Appendix A, (2) photographs of iPhone screenshots provided by Individual-13 (the "Individual-13 Materials"), attached to the OneTaste Petition as Appendix B, and (3) various attorney billing invoices produced by Company-1 for which OneTaste seeks immediate return (the "Billing Materials") (collectively, the "Challenged Materials").

      In sum, OneTaste claims that the Challenged Materials are subject to attorney-client privilege or constitute attorney work product. Pet. 15-16. In addition to return of the Challenged Materials, OneTaste also asks the Court for "proof of the destruction of all such materials wherever located, and meaningful sanctions." Pet. 3.

Although the government set forth the factual background for how it obtained the Challenged Materials in its prior filings, of note, OneTaste has never indicated that it no longer has access to the Challenged Materials. Rather, OneTaste's repeated assertion is that the Challenged Materials contain privileged information and that the government is unlawfully in possession of such privileged information. Pet. 3, 13-16, 17-18.

II.     Applicable Law

Federal Rule of Criminal Procedure 41(g) provides that, on a motion to return property, "[a] person aggrieved by . . . the deprivation of property may move for the property's return." It is axiomatic therefore that in order for a person so aggrieved to file any such petition, she must have been deprived of property.

In parallel, Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts to those cases that present a "case or controversy." Spencer v. Kemna, 523 U.S. 1, 7 (1998). "A federal court may only be called upon 'to adjudge the legal rights of litigants in actual controversies.'" S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc., 24 F.3d 427, 431 (2d Cir.1994) (citing Liverpool, N.Y. & Philadelphia S.S. Co. v. Commissioners of Emigration, 113 U.S. 33, 39 (1885). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." Spencer, 523 U.S. at 7. It means that the litigant "must have suffered, or be threatened with, an actual injury" that is "likely to be redressed by a favorable judicial decision." Id. Likewise, the case-or-controversy doctrine requires that federal courts may not adjudicate matters that no longer present an actual dispute between the parties." Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (citing Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)). Thus, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," Powell v. McCormack, 395 U.S. 486, 496 (1969), a case is moot and the federal court is divested of jurisdiction over it. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); see also Ferreira, 354 F. Supp. 2d at 409-10 (dismissing on mootness grounds a Rule 41(g) petition where the petitioner never had a possessory interest in the property at issue).

A motion to dismiss for lack of jurisdiction can be brought at any time during the pendency of the litigation. See Altman v. Bedford Cent. School Dist., 245 F.3d 49, 69, 70 (2d Cir. 2001).

III.    Under Rule 41, "Property" Includes Intangible Information Subject to Search or Seizure, But Not the Attorney-Client Privilege Itself

As noted above, Rule 41(g) permits "[a] person aggrieved . . . by the deprivation of property" to "move for the property's return." Here, OneTaste has offered no evidence that they did such suffer a deprivation; OneTaste still retains possession of the underlying documents at issue. Instead, liberally construing OneTaste's Petition, OneTaste is arguing that they have been deprived of the attorney-client privilege itself, and that Rule 41(g) entitles them to the return of their property interest in secrecy and control of their confidential information. However, OneTaste does not demonstrate that the privilege should be viewed as property. And,

2

even assuming that OneTaste has a "property interest" in the attorney-client privilege, that does not mean that privilege is "property" within the meaning of Rule 41(g).

Rule 41 of the Federal Rules of Criminal Procedure governs the issuance and execution of warrants for the search and seizure of people or property. By its terms, Rule 41 defines "property" to "include[] documents, books, papers, any other tangible objects, and information." Fed. R. Crim. P. 41(a)(2)(A). Several of these enumerated types of property—documents, books, papers and tangible objects—are items that can be readily described in a warrant. However, "information" refers to identifiable (though intangible) material that might be searched or seized, such as electronically stored information. See Fed. R. Crim. P. 41(e)(2)(B) (explaining that warrants may authorize the "seizure or copying of electronically stored information"). The term "information" is thus best understood to encompass only intangible material that courts had deemed subject to search or seizure, such as wiretapped conversations or dial impulses recorded by pen registers. See United States v. New York Tel. Co., 434 U.S. 159, 170 (1977). The government could no more get a warrant to "seize" a claim of privilege than OneTaste could seek the return of such a claim.

OneTaste's purported interpretation of "property" is also inconsistent with applicable law. See Davis v. Michigan Dep't of Treasury, 489 U.S. 803, 809 (1989) ("[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). The word "property" is used throughout Rule 41 to describe the subject of a search or seizure. See, e.g., Fed. R. Crim. P. 41(c) (describing categories of "persons or property subject to search or seizure"); Fed. R. Crim. P. 41(e)(2)(A) ("[T]he warrant must identify the person or property to be searched, identify any person or property to be seized, and designate the magistrate judge to whom it must be returned."). The rule also provides that venue for a warrant application is in the location where the "property" is located, indicating that purely abstract "property interests" with no ascertainable location would fall outside its scope. See Fed. R. Crim. P. 41(b).

The type of "property" subject to return under Rule 41(g) should sweep no more broadly than the type of "property" that might be subject to search or seizure under Rule 41(a)-(c). See Environmental Defense v. Duke Energy Corp., 549 U.S. 561, 574 (2007) (as a matter of statutory interpretation, "identical words used in different parts of the same act are intended to have the same meaning"). Under this internally consistent reading, Rule 41(g) would provide for the "return" of certain categories of intangible property, such as electronically stored documents or e-mails, but not abstract concepts like "secrecy" or "the right to exclude," even if one could have something akin to a property interest in those concepts. That is not to say there is no avenue for relief for a deprivation of abstract property interests.[1] But if the "property" in

---

[1] For example, depending on the circumstances and nature of the "property interest" alleged, a litigant may be able to seek relief for unconstitutional deprivations of property through a Section 1983, Federal Tort Claims Act or Tucker Act claim. See, e.g., Preseault v. ICC, 494 U.S. 1, 12 (1990) (holding that a Tucker Act remedy is presumptively available for claims arising out of a government "taking" without just compensation).

3

question cannot logically be searched or seized, there is no cognizable claim for its "return" under Rule 41(g).[2]

Furthermore, OneTaste cites no authority to support its theory that the existence of purportedly privileged information in documents provided to the government by a third party gives OneTaste a possessory interest in those communications. To the contrary, the weight of caselaw involves petitions in which a company (or an individual) seek the return of communications seized from the company (or individual) itself, a situation in which an ownership interest exists. See, e.g., In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means, 11 F.4th 1235, 1239 (11th Cir. 2021) (businesses and their owners sought return of property seized from the businesses' premises); Harbor Healthcare System, L.P. v. United States, 5 F.4th 593, 595 (5th Cir. 2021) (company sought return of documents seized from five of its own "locations and offices"); In re Search Warrant Issued June 13, 2019, 942 F.3d at 164 (law firm filed injunction against review of materials seized "from the Law Firm"); In re Search Warrants, Nos. 21-CV-04968 (SDG), 21-CV-04969 (SDG), 2021 WL 5917983, at *1 (N.D. Ga. Dec. 15, 2021) ("Georgia-based law firm . . . and an attorney who previously worked for that law firm" moved for an injunction against review of communications seized from "two online accounts held by the Law Firm, which contain the Attorney's emails and text messages"); In re Search Warrant dated Nov. 5, 2021, Nos. 21 Misc. 813 (AT), 21 Misc. 819 (AT), 21 Misc. 825 (AT), 2021 WL 5845146, at *1 (S.D.N.Y. Dec. 8, 2021) (petitioners sought appointment of special master to review evidence seized "from [p]etitioners' homes"); United States v. Avenatti, 559 F. Supp. 3d 274, 277 (S.D.N.Y. 2021) (defendant sought suppression of information seized from "his iCloud account"); In re Search Warrants Executed on Apr. 28, 2021, No. 21-MC-425 (JPO), 2021 WL 2188150, at *2 (S.D.N.Y. May 28, 2021), appeal withdrawn (June 30, 2021) (individuals brought Rule 41(g) motion for return of electronic records seized from their own iCloud and email accounts); United States v. Winters, No. 06-CR-54 (SWK), 2006 WL 2789864, at *2 (S.D.N.Y. Sept. 27, 2006) (defendant challenged use of purportedly privileged documents "seized from his residence").

Throughout its Petition, OneTaste cites to the Fifth Circuit's decision in Harbor Healthcare for the proposition that Rule 41(g) is the proper remedy in this case. See Pet. 20-22. That case is distinguishable on multiple levels. See ECF No. 17 at 11. First, unlike this case, the court in Harbor Healthcare found that the government showed a "callous disregard" for the movants' rights in seizing privileged materials, in part, because the government stipulated that it knew ahead of the seizure that the information it seized contained privilege material. Harbor Healthcare, 5 F.4th at 599. Second, the government in Harbor Healthcare seized the electronic data directly from the Harbor Healthcare offices rather than from a third party. Third, in contrast to the situation presented here, Harbor Healthcare involved a pre-indictment Rule 41(g) motion

---

[2] Although attorneys often refer to a privilege "belonging" to an individual or corporation, an assertion of privilege is not a property interest. Instead, a privilege "belongs" to a person in the sense that the person, rather than anyone else, may choose whether to invoke the protection of the privilege. See, e.g., United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 119 F.3d 210, 215 (2d Cir. 1997) (noting that "employees generally may not prevent a corporation from waiving the attorney-client privilege arising from such communications").

4

for the return of seized documents where Harbor Healthcare "identified thousands of privileged documents, and the government [] conceded the basis for the privilege of many of those." Id. at 600. Fourth, the court in Harbor Healthcare made no finding as to whether the attorney-client privilege was itself property within the meaning of Rule 41(g) because the petition at issue sought the return of documents and materials seized directly from the petitioner pursuant to a search warrant.

Furthermore, at least one court has denied a Rule 41(g) motion involving the very theory OneTaste now advances. See United States v. Nocito, No. 18-CR-35, 2020 WL 4350241, at *4 (W.D. Pa. July 29, 2020).[3] Although the Nocito court did not need to resolve the question whether "alleged attorney-client privileges" in the contents of a document "are the type of 'property' that can be recovered pursuant to Rule 41(g)," the court observed that the movants cited "no authority for the proposition that the attorney-client privilege itself constitutes the kind of property interest that would be cognizable under Rule 41 and the court did not locate any such authority in its independent research." Id.; see Zenith Elecs. Corp. v. WH-TV Broad. Corp., No. 01-CV-4366, 2003 WL 21911066, at *1 (N.D. Ill. Aug. 7, 2003) ("The court disagrees that the attorney-client privilege is a corporate asset that can be sold.").

Ultimately, OneTaste cites no authority for the proposition that the attorney-client privilege itself constitutes the kind of property interest that would be cognizable under Rule 41. Here, because OneTaste does not seek the return of "property" within the meaning of Rule 41, they have no cognizable interest in the instant litigation and their claim under Rule 41(g) fails as a matter of law. Because OneTaste has not been aggrieved by the deprivation of any property in which it has a possessory interest (and never has been), the case is moot and the Court lacks jurisdiction over OneTaste's Petition. See Ferreira, 354 F. Supp. 2d at 409-10.

Alternatively, even if this Court were to exercise equitable jurisdiction over OneTaste's 41(g) motion, the Court should dismiss the motion because OneTaste has failed to satisfy the requirements of Rule 41(g), as the government has previously argued to the Court. See ECF Nos. 4, 17; see also Matta v. United States, No. 23-MC-2909, 2024 WL 4436428, at *7 (E.D.N.Y. Oct, 7, 2024) (setting forth a three-part test that a party must pass to prevail on a Rule 41(g) motion); Ferreira, 354 F. Supp. 2d at 409 (in order to prevail on a Rule 41(g) motion, the moving party "must demonstrate that . . . he is entitled to lawful possession of the seized property") (emphasis added); United States v. Howell, 425 F.3d 971, 977 (11th Cir. 2005) ("In order for one to receive relief under [Rule] 41(g), the individual must have an ownership right to the property in question.").

---

[3] In United States v. Nocito, 64 F.4th 76 (3d Cir. 2023), the Court of Appeals dismissed petitioner's appeal of the district court's decision on jurisdictional grounds without reaching the issue of whether the attorney-client privilege is property. Id. at 78.

5

IV.     Conclusion

Because the Court lacks jurisdiction over OneTaste's Rule 41(g) Petition, the Court should dismiss it.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:     /s/_____
Kayla C. Bensing
Gillian Kassner
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000

6

# DOCKET NO. 25-553

# CERTIFICATE OF SERVICE

I hereby certify that foregoing Reply by OneTaste to the government's Opposition to the Motion to Intervene and Appendix was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Second Circuit and was served electronically to the below listed individuals by using ACMF system on March 26, 2025.

| | |
|---|---|
| Kayl C. Bensing | Kayla.Bensing@usdoj.gov |
| Gillian Kassner | gillian.kassner@usdoj.gov |
| Nina C. Gupta | nina.gupta@usdoj.gov |
| Sean Michael Fern | sean.fern2@usdoj.gov |

DATED: March 27, 2025

By: _/s/ Paul E. Pelletier_
Paul E. Pelletier